Mark A. Broude
Annemarie V. Reilly
LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>Tervita Corporation,<br><br>Debtors in a Foreign Proceeding | Chapter 15<br><br>Case No. 16-12920 |
| In re<br><br>ARKLA Disposal Services, Inc.,<br><br>Debtors in a Foreign Proceeding | Chapter 15<br><br>Case No. 16-12921 |
| In re<br><br>CCS Canada (Canadian Holdings) Inc.,<br><br>Debtors in a Foreign Proceeding | Chapter 15<br><br>Case No. 16-12922 |
| In re<br><br>CCS International Holdings Inc.,<br><br>Debtors in a Foreign Proceeding | Chapter 15<br><br>Case No. 16-12923 |
| In re<br><br>HAZCO Industrial Services Ltd.,<br><br>Debtors in a Foreign Proceeding | Chapter 15<br><br>Case No. 16-12924 |

| | |
|---|---|
| In re<br><br>Red Sky Holdings 1 Inc.,<br><br>        Debtors in a Foreign Proceeding | Chapter 15<br><br>Case No. 16-12926 |
| In re<br><br>Red Sky Holdings 2 Inc.,<br><br>        Debtors in a Foreign Proceeding | Chapter 15<br><br>Case No. 16-12927 |
| In re<br><br>Red Sky Holdings 3 Inc.,<br><br>        Debtors in a Foreign Proceeding | Chapter 15<br><br>Case No. 16-12928 |
| In re<br><br>Tervita Environmental Services Ltd.,<br><br>        Debtors in a Foreign Proceeding | Chapter 15<br><br>Case No. 16-12929 |
| In re<br><br>Tervita Equipment Rentals Ltd.,<br><br>        Debtors in a Foreign Proceeding | Chapter 15<br><br>Case No. 16-12930 |
| In re<br><br>Tervita Metal Services Ltd.,<br><br>        Debtors in a Foreign Proceeding | Chapter 15<br><br>Case No. 16-12931 |
| In re<br><br>Tervita Production Services Ltd.,<br><br>        Debtors in a Foreign Proceeding | Chapter 15<br><br>Case No. 16-12932 |

|  |  |
|---|---|
| In re<br><br>Tervita Waste Processing Ltd.,<br><br>Debtors in a Foreign Proceeding | Chapter 15<br><br>Case No. 16-12933 |

**MOTION FOR ORDER, PURSUANT TO BANKRUPTCY RULE 1015(b) DIRECTING JOINT ADMINISTRATION OF CHAPTER 15 CASES**

Rob Van Walleghem, as the authorized foreign representative (the "**Foreign Representative**") of the above-captioned debtors (collectively, the "**Debtors**"), which are the subject of jointly-administered proceedings under the Canada Business Corporations Acts, R.S.C. 1985, c. C-44, as amended (the "**CBCA**") in the Alberta Court of Queen's Bench, in Alberta, Canada (the "**Canadian Proceedings**"), submits this motion (the "**Motion**") for entry of an order, substantially in the form attached hereto as Exhibit A, directing joint administration of the Debtors' chapter 15 cases for procedural purposes only. In support of this Motion, the Foreign Representative respectfully states as follows:

**BACKGROUND**

1. On the date hereof, the Foreign Representative filed voluntary petitions for relief under chapter 15 of title 11 of the United States Code (the "**Bankruptcy Code**") for each of the Debtors (collectively, the "**Chapter 15 Petitions**") commencing cases in the United States Bankruptcy Court for the Southern District of New York (the "**Chapter 15 Cases**"), as well as a *Verified Petition for Entry of an Order Recognizing Foreign Main Proceedings and Granting Additional Relief* (the "**Verified Petition**"). A description of the Debtors' business and the events leading up to the commencement of the Canadian Proceedings and these Chapter 15 Cases is included in the *Declaration of Rob Van Walleghem in Support of Verified Petition for Entry of an Order Recognizing Foreign Main Proceedings and Granting Additional Relief* (the "**Van Walleghem Declaration**"), filed concurrently herewith and fully incorporated herein by

US-DOCS\71406843                                3

reference.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this Motion pursuant to 28 U.S.C. § 1334, as well as the *Amended Standing Order of Reference* dated January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Feb. 2, 2012) (Preska, C.J.). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(P). As set forth in the Verified Petition, venue is proper in this district pursuant to 28 U.S.C. § 1410(1).

3. The statutory bases for the relief requested herein are Sections 101(2) and 105(a) of Title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## RELIEF REQUESTED

4. The Foreign Representative respectfully requests entry of an order, substantially in the form attached hereto as Exhibit A, (a) directing joint administration of the Debtors' Chapter 15 Cases for procedural purposes only, and (b) granting related relief. Specifically, the Foreign Representative requests that the Court maintain one file and one docket for all of the jointly-administered Chapter 15 Cases under the case of Tervita Corporation, and that the cases be administered under a consolidated caption, substantially as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>Tervita Corporation, *et al.*,[1]<br><br>Debtors in a Foreign Proceeding | Chapter 15<br><br>Case No. 16-12920<br><br>Jointly Administered |

---

[1] The Debtors in this and the Canadian Proceedings, together with the last four digits of each Debtor's United States Tax Identification Number or Canadian Business Number, are as follows: ARKLA Disposal Services, Inc. (1990); Tervita Corporation (9886 USA/5469 Canada); CCS Canada (Canadian Holdings) Inc. (8811); CCS International Holdings Inc. (2967); HAZCO Industrial Services Ltd. (4059); Red Sky Holdings 1 Inc. (2758); Red Sky Holdings 2 Inc. (4419); Red Sky Holdings 3 Inc. (0417); Tervita Environmental Services Ltd. (1079); Tervita Equipment Rentals Ltd. (1611); Tervita Metal Services Ltd. (7725); Tervita Production Services Ltd. (7956); and Tervita Waste Processing Ltd. (6510). The location of Tervita Corporation's corporate headquarters is 500, 140-10th Avenue SE, Calgary, Alberta. The service address for the Debtors is 3400, 350-7th Avenue SW, Calgary, Alberta.

5. The Foreign Representative also requests that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors' Chapter 15 Cases other than the case of Tervita:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the chapter 15 cases of: ARKLA Disposal Services Inc.; Tervita Corporation; CCS Canada (Canadian Holdings) Inc.; CCS International Holdings Inc.; HAZCO Industrial Services Ltd.; Red Sky Holdings 1, Red Sky Holdings 2 Inc.; Red Sky Holdings 3 Inc.; Tervita Environmental Services Ltd.; Tervita Equipment Rentals Ltd.; Tervita Metal Services Ltd.; Tervita Production Services Ltd.; and Tervita Waste Processing Ltd. All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 16-12920.

6. Further, the Foreign Representative requests that the Court authorize the Debtors to utilize a combined service list for the jointly-administered cases and that combined notices be sent to creditors of the Debtors' estates and other parties in interest as applicable.

**BASIS FOR RELIEF**

7. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by . . . a debtor and an affiliate, the court may order a

joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" as that term is defined in Section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules each authorize the Court to grant the relief requested herein.

8. In addition, Section 105(a) of the Bankruptcy Code provides the Court with the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a).

9. Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple, related debtors. *See, e.g., In re OIC Run-Off Ltd. and The London and Overseas Insurance Co. Ltd.,* Case No. 15-13054 (SCC) (Bankr. S.D.N.Y. Nov. 19, 2015); *In re OAS S.A.,* Case No. 15-10937 (SMB) (Bankr. S.D.N.Y. Apr. 16, 2015); *In re Aralco S.A. - Industria e Comercio,* Case No. 15-10419 (MKV) (Bankr. S.D.N.Y. Feb. 27, 2015); *In re Bumi Inv. Pte Ltd,* Case No. 14-13296 (MKV) (Bankr. S.D.N.Y. Dec. 30, 2014); *In re Lupatech S.A.,* Case No. 14-11559 (SMB) (Bankr. S.D.N.Y. May 28, 2014).

10. As set forth in the Van Walleghem Declaration, given the integrated nature of the Debtors' operations, joint administration of these Chapter 15 Cases will provide significant administrative convenience to the parties in interest and this Court and its personnel. Many, if not all, of the motions, hearings, and orders that will arise in these Chapter 15 Cases will affect each and every Debtor entity.

11. Moreover, the existence of multi-jurisdictional international proceedings involving the Debtors adds additional complexity to the efficient administration of the Debtors' cases that the relief requested herein will help to ameliorate. The entry of an order directing joint administration of these Chapter 15 Cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration will also allow the U.S. Trustee, the Court, and all

parties in interest to monitor these Chapter 15 Cases with greater ease and efficiency.

12.     In addition, joint administration will not adversely affect the Debtors' respective constituencies because this Motion requests only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by joint administration of these Chapter 15 Cases because the relief sought in this Motion is purely procedural and is in no way intended to affect substantive rights. All creditors and other parties in interest will retain all their claims or rights against the individual Debtor entities against which they have such claims or as to which they have such rights. Finally, the Debtors submit parties in interest will benefit from the cost reductions associated with the joint administration of these Chapter 15 Cases.

13.     Accordingly, the Debtors submit the joint administration of these Chapter 15 Cases is in the best interests of their estates, their creditors, and all other parties in interest.

## MOTION PRACTICE

14.     This Motion includes citations to the applicable rules and statutory provisions upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Foreign Representative submits this Motion satisfies Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York.

## NOTICE

15.     The Foreign Representative requests that the Court grant this Motion without notice to interested parties. The Foreign Representative proposes to notify all interested parties of these Chapter 15 Cases in the method set forth in Foreign Representative's *Motion for Order Scheduling Recognition Hearing and Specifying Form and Manner of Service of Notice,* which was filed contemporaneously herewith. In light of the nature of the relief requested, the Foreign Representative submits, and requests that this Court hold, that no further notice is required.

## NO PRIOR REQUEST

16. The Foreign Representative has not previously sought the relief requested herein from this Court or any other court.

WHEREFORE the Foreign Representative respectfully requests the Court enter the proposed order, substantially in the form attached hereto as <u>Exhibit A</u>, (i) directing joint administration of the Debtors' Chapter 15 Cases, and (ii) granting related relief.

Dated: October 18, 2016
      New York, New York         LATHAM & WATKINS LLP

                                                */s/ Mark A. Broude*

                                                Mark A. Broude
                                                Annemarie V. Reilly
                                                885 Third Avenue
                                                New York, New York 10022-4834
                                                Telephone:  212-906-1200
                                                Fax:  212-751-4864
                                                Email: mark.broude@lw.com
                                                             annemarie.reilly@lw.com

                                                *Counsel to the Foreign Representative*

# Exhibit A

# Proposed Order

US-DOCS\71406843

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>Tervita Corporation,<br><br>      Debtors in a Foreign Proceeding | Chapter 15<br><br>Case No. 16-12920 |
| In re<br><br>ARKLA Disposal Services, Inc.,<br><br>      Debtors in a Foreign Proceeding | Chapter 15<br><br>Case No. 16-12921 |
| In re<br><br>CCS Canada (Canadian Holdings) Inc.,<br><br>      Debtors in a Foreign Proceeding | Chapter 15<br><br>Case No. 16-12922 |
| In re<br><br>CCS International Holdings Inc.,<br><br>      Debtors in a Foreign Proceeding | Chapter 15<br><br>Case No. 16-12923 |
| In re<br><br>HAZCO Industrial Services Ltd.,<br><br>      Debtors in a Foreign Proceeding | Chapter 15<br><br>Case No. 16-12924 |
| In re<br><br>Red Sky Holdings 1 Inc.,<br><br>      Debtors in a Foreign Proceeding | Chapter 15<br><br>Case No. 16-12926 |

| | |
|---|---|
| In re<br><br>Red Sky Holdings 2 Inc.,<br><br>   Debtors in a Foreign Proceeding | Chapter 15<br><br>Case No. 16-12927 |
| In re<br><br>Red Sky Holdings 3 Inc.,<br><br>   Debtors in a Foreign Proceeding | Chapter 15<br><br>Case No. 16-12928 |
| In re<br><br>Tervita Environmental Services Ltd.,<br><br>   Debtors in a Foreign Proceeding | Chapter 15<br><br>Case No. 16-12929 |
| In re<br><br>Tervita Equipment Rentals Ltd.,<br><br>   Debtors in a Foreign Proceeding | Chapter 15<br><br>Case No. 16-12930 |
| In re<br><br>Tervita Metal Services Ltd.,<br><br>   Debtors in a Foreign Proceeding | Chapter 15<br><br>Case No. 16-12931 |
| In re<br><br>Tervita Production Services Ltd.,<br><br>   Debtors in a Foreign Proceeding | Chapter 15<br><br>Case No. 16-12932 |
| In re<br><br>Tervita Waste Processing Ltd.,<br><br>   Debtors in a Foreign Proceeding | Chapter 15<br><br>Case No. 16-12933 |

**ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 15 CASES**

Upon the motion (the "**Motion**") of Rob Van Walleghem, as the authorized foreign representative (the "**Foreign Representative**") of the above-captioned debtors (the "**Debtors**") for entry of an order (this "**Order**"), (i) directing joint administration of the Debtors' Chapter 15 Cases for procedural purposes only, and (ii) granting related relief, as more fully set forth in the Motion; and upon consideration of the Verified Petition and the *Declaration of Rob Van Walleghem in Support of Petition for Entry of an Order Recognizing Foreign Main Proceedings and Granting Additional Relief* (the "**Van Walleghem Declaration**"); and the Court having subject matter jurisdiction to consider the Motion and to grant the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and venue of these Chapter 11 Cases and the Motion in this District being proper pursuant to 28 U.S.C. § 1410; and no notice of the Motion being required under the circumstances; and upon the Motion, the Van Walleghem Declaration and other pleadings filed on the docket, and the Court having determined the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion and at the hearing on the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED in its entirety.

2. The above-captioned Chapter 15 Cases are consolidated for procedural purposes only and shall be jointly administered by this Court under Case No. 16-12920.

3. The caption of the jointly administered cases should read substantially as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>Tervita Corporation, *et al.*,[1]<br><br>Debtors in a Foreign Proceeding | Chapter 15<br><br>Case No. 16-12920<br><br>Jointly Administered |

---

[1]    The Debtors in this and the Canadian Proceedings, together with the last four digits of each Debtor's United States Tax Identification Number or Canadian Business Number, are as follows: ARKLA Disposal Services, Inc. (1990); Tervita Corporation (9886 USA/5469 Canada); CCS Canada (Canadian Holdings) Inc. (8811); CCS International Holdings Inc. (2967); HAZCO Industrial Services Ltd. (4059); Red Sky Holdings 1 Inc. (2758); Red Sky Holdings 2 Inc. (4419); Red Sky Holdings 3 Inc. (0417); Tervita Environmental Services Ltd. (1079); Tervita Equipment Rentals Ltd. (1611); Tervita Metal Services Ltd. (7725); Tervita Production Services Ltd. (7956); and Tervita Waste Processing Ltd. (6510). The location of Tervita Corporation's corporate headquarters is 500, 140-10th Avenue SE, Calgary, Alberta. The service address for the Debtors is 3400, 350-7th Avenue SW, Calgary, Alberta.

4. A docket entry, substantially similar to the following, shall be entered on the docket of each of the Debtors other than Tervita Corporation to reflect the joint administration of the Debtors' Chapter 15 Cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the chapter 15 cases of: ARKLA Disposal Services Inc.; Tervita Corporation; CCS Canada (Canadian Holdings) Inc.; CCS International Holdings Inc.; HAZCO Industrial Services Ltd.; Red Sky Holdings 1, Red Sky Holdings 2 Inc.; Red Sky Holdings 3 Inc.; Tervita Environmental Services Ltd.; Tervita Equipment Rentals Ltd.; Tervita Metal Services Ltd.; Tervita Production Services Ltd.; and Tervita Waste Processing Ltd. All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 16-12920.

5. One consolidated docket, one file, and one consolidated service list shall be maintained and kept by the Clerk of the Court.

6. Nothing contained in the Motion or this Order shall be deemed or construed as directing nor otherwise effecting a substantive consolidation of these Chapter 15 Cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE